JOHN BRASTED, executor, &c.

v.

GEORGE M. SUTTON and wife, and others.

A grantee executed, at the same time and place, two mortgages on the same lands, one a purchase-money mortgage to his grantor, the other a mortgage to secure a bond given by himself and three sureties to W., for $2,000, which were paid at the same time to the grantor.— *Held*, that W. could not, by having his mortgage registered first, acquire a priority over the purchase-money mortgage; and that W.'s assignee held it subject to the same equity.

---

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. Charles J. Roe,* for complainant.

*Mr. Lewis Cochran,* for defendant Mackerly.

THE CHANCELLOR.

The controversy in this cause is as to the priority of the complainant's mortgage over that of the defendant Mackerly. Both bear the same date, March 30th, 1867, and were acknowledged on the same day, but the latter was recorded before the former. The complainant's mortgage was given to his testatrix on the conveyance of the mortgaged premises by her to the mortgagor, George M. Sutton, and was given to secure part ($4,379.75) of the purchase-money ($6,379.75) of the property. It was, in fact, given to secure all of the purchase-money except that part of it ($2,000) which Sutton borrowed from Robert P. Washer, on the security of the mortgage now held by Mackerly, in order to pay it on account of the price of the property. The complainant's mortgage was made to secure Sutton's bond; Washer's to secure a bond made by Sutton and his wife and Jacob Sutton and Mackerly. In 1872 Washer obtained the money for his bond and mortgage from Mackerly, and thereupon assigned them to the latter. Mackerly insists that, his mortgage having been first recorded, is entitled to priority over that of the complainant. The latter, on the other hand, insists that his mortgage should be first paid.

It appears from the testimony of Mr. Woodruff, a witness on the part of Mackerly, that the bonds and mortgages were all drawn at the same time, by the same lawyer. They appear to have been all signed at the same time, and the mortgages were both acknowledged at the same time. It also appears, from the testimony of Mr. Woodruff, that the money borrowed from Washer was borrowed by Sutton in order to pay it on account of the price of the mortgaged premises. Mackerly was surety for Sutton in the bond to Washer. Washer required, as a condition of lending the

money to Sutton, that Sutton's wife and father and father-in-law (Mackerly) should join in the bond as sureties.

Mackerly must have known, when the mortgage to Washer was given, not only that the complainant's mortgage had been given, but also that it was given for part of the purchase-money of the property, and he is bound by the equity which recognizes and protects the lien of the vendor for unpaid purchase-money. It is true, Woodruff says that Sutton agreed to give Washer a first mortgage for the security of the $2,000, but it is very evident, from the testimony, that the latter understood that his mortgage was subsequent to that of the complainant. He must have known it; for he knew the object of Sutton in obtaining the loan which he made, and he knew, according to Woodruff's testimony, that the rest of the purchase-money was to be secured by Sutton's mortgage to the grantor. He appears to have given that as his reason for requiring sureties on the bond which he took. Sutton's promise, to which Woodruff testifies, would not affect the priority of lien of the complainant's mortgage. It is not alleged that the complainant's testatrix entered into any such agreement.

Again, Mackerly paid off the debt for which he was surety, and therefore the assignment from Washer to him was a nullity. *Bigelow* v. *Cassedy*, 11 *C. E. Gr.* 557, 560, 561. In equity, however, he would be entitled to subrogation to the rights of Washer, the creditor, in the mortgage security which the latter held and which he took at the time when the suretyship began; but the mortgage security would be subject to the same equities in his hands as it was in the hands of the creditor. He is not entitled to any better position than that which Washer held.

The complainant's mortgage is entitled to priority over that of Mackerly.